# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MIREYA SANTILLAN,

        Plaintiff,

v.                                                                                                 CV No. 19-313 CG

ANDREW SAUL,
Commissioner of the Social Security
Administration,

        Defendant.

## ORDER GRANTING ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

**THIS MATTER** is before the Court on Plaintiff Mireya Santillan's *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. 406(B) and Supporting Memorandum* (the "Motion"), (Doc. 30), filed June 16, 2021; Defendant's *Response to Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. 406(B)* (the "Response"), (Doc. 31), filed June 24, 2021; and Ms. Santillan's *Notice of Completion of Briefing*, (Doc. 32), filed July 1, 2021. In her Motion, Ms. Santillan's counsel, Laura Johnson, petitions the Court for an order authorizing attorney fees in the amount of $7,515.13 for legal services rendered before this Court. (Doc. 30 at 1). The Court, having reviewed the Motion and the relevant law, finds Ms. Santillan's Motion is well-taken and shall be **GRANTED**.

    **I.**      **Procedural Background**

Ms. Santillan instituted an action in this Court on April 4, 2019, seeking judicial review of the Commissioner's denial of her application for disability insurance benefits and supplemental security income. (Doc. 1 at 2); (Doc. 17 at 2). On January 24, 2020, this Court granted Ms. Santillan's request for relief, and remanded the case to the Commissioner for further proceedings. (Doc. 26). On April 24, 2020, this Court awarded

Ms. Santillan's attorney fees in the amount of $5,900.00 pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 29).

On January 27, 2021, upon remand, the Commissioner determined Ms. Santillan was disabled, entered a fully favorable decision, and awarded her past-due benefits in the amount of $54,060.52. (Doc. 30 at 2, 4); *see also* (Doc. 30-1 at 1, 14). The Commissioner advised Ms. Santillan that $13,515.13 was being withheld from her total benefit payment pending an award of attorney fees pursuant to 42 U.S.C. § 406(b), which constitutes 25 percent of total backpay benefits. *Id.* at 2; (Doc. 30-1 at 13, 14).

Ms. Santillan's counsel now seeks an award of $7,515.13, approximately fourteen percent of the total past-due benefits awarded to Ms. Santillan. (Doc. 30 at 5). Her counsel explains that Ms. Santillan will also receive "as a refund" the $5,900.00 in EAJA fees previously awarded by this Court. *Id.* at 2. Although the Commissioner has no objections to an award of attorney fees, he "notes that Plaintiff was . . . awarded $5,900.00 in attorney fees under the EAJA . . . and Plaintiff's attorney must refund the lesser of the two fees received to Plaintiff." (Doc. 31 at 2).

**II.     Analysis**

The issue before the Court is whether counsel's requested fee of $7,515.13 is reasonable, as mandated by the controlling statute. When reviewing counsel's request for attorney fees under § 406(b), the Court must act as an "independent check" to ensure the requested fee is reasonable, even if the Commissioner offers no objection. Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent they provide for fees exceeding twenty-five percent of the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). However, there is

no presumption that a twenty-five percent fee is reasonable. *Id.* at 807, n.17. It is counsel's burden to demonstrate the reasonableness of his or her requested fee. *Id.* at 807.

Specifically, when a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A); *see also McGraw v. Barnhart,* 450 F.3d 493, 495-96 (10th Cir. 2006). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of the past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id.* at 934. However, the refund of EAJA fees is offset by any mandatory deductions under the Treasury Offset Program, which may collect delinquent debts owed to federal and state agencies from a claimant's award of past-due benefits. *See* 31 U.S.C. § 3716(c)(3)(B) (2006).

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Factors relevant to the reasonableness of the fee request include: (i) whether the attorney's representation was substandard; (ii) whether the attorney was responsible for any delay in the resolution of the case; and (iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id*. A court may require the claimant's attorney to submit a record of hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for non-

contingency fee cases. *Id.*

Here, counsel obtained a fully favorable decision for Ms. Santillan upon remand. (Doc. 30 at 3). Additionally, the requested fee of $7,515.13 for services performed in connection with this case is within the twenty-five percent limit imposed by § 406(b). In fact, counsel's requested fee award is only approximately fourteen percent of Ms. Santillan's total award of past-due benefits. (Doc. 30 at 5).

Further, counsel spent 27.9 hours representing Ms. Santillan before this Court, which falls within this District's range for a given federal case. *Id.* at 4; *see e.g., Perrault v. Saul*, Civ. 18-cv-467 CG (Doc. 33); *Bigsby v. Colvin*, Civ. 12-1207 CG (Doc. 31) (finding fee award for 37.33 hours reasonable); *Arellanes v. Colvin*, Civ. 12-1178 KBM (Doc. 32) (finding fee award for 36.76 hours reasonable); *Dimas v. Astrue*, Civ. 03-cv-1157 RHS (Doc. 34) (finding fee award for 38.26 hours reasonable). Moreover, counsel's hourly rate of $269.36 is also well within the district's average. (Doc. 30 at 7); *see also Chavez v. Saul*, 1:20-cv-210 CG, 2021 WL 1978611, at *2 (D.N.M. May 18, 2021) (awarding $354.62 per hour); *Gallegos v. Colvin*, Civ. 12-321 SMV (Doc. 32) (awarding $617.28 per hour); *Montes v. Barnhart*, Civ. 01-578 BB/KBM (Docs. 19, 22) (awarding $701.75 per hour).

Considering the time spent litigating Ms. Santillan's claim, the hourly fee, the success of counsel's representation, and counsel's three years of involvement in this case, the Court finds counsel's requested fee award is reasonable. *See Sanchez v. Colvin*, Civ. 16-1126 KRS (Doc. 30) (awarding $31,306.00); *Salazar v. Berryhill*, Civ. 14-283 KRS (Doc. 30) (awarding $19,442.25); *Bigsby*, Civ. 12-1207 CG (Doc. 31) (awarding $21,839.00).

In conclusion, the Court finds each component of counsel's requested fee award is reasonable. Indeed, the requested award is within the district average and is based on the successful representation of Ms. Santillan. Moreover, both the hourly rate and the time spent litigating this case are consistent with similar awards approved in this district. As a result, having conducted an "independent check" on counsel's fee petition, the Court finds counsel's requested fee award should be approved.

III.     Conclusion

**IT IS THEREFORE ORDERED** Ms. Santillan's *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. 406(B) and Supporting Memorandum*, (Doc. 30), shall be **GRANTED**. Ms. Santillan's counsel is awarded $7,515.13 for legal services performed before this Court, to be paid from Ms. Santillan's past-due benefits previously withheld by the Commissioner. *See* (Doc. 30-1 at 13) (explaining the Commissioner withheld $13,515.13 from Ms. Santillan's award of past-due benefits to cover attorney fees). Counsel is further directed to refund the EAJA fee award of $5,900.00 from the instant award to Ms. Santillan, notwithstanding any mandatory deductions. *See* 31 U.S.C. § 3716(c)(3)(B) (2006); *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE